J-S41044-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| RAJEE DANCY, | |
| Appellant | No. 2010 MDA 2014 |

Appeal from the Judgment of Sentence April 10, 2013
in the Court of Common Pleas of Lebanon County
Criminal Division at No.: CP-38-CR-0000309-2012

BEFORE: ALLEN, J., LAZARUS, J., and PLATT, J.[*]

MEMORANDUM BY PLATT, J.: **FILED JULY 24, 2015**

Appellant, Rajee Dancy, appeals, *nunc pro tunc*, from the judgment of sentence imposed on April 10, 2013, following his jury conviction of person not to possess firearms.[1] We affirm.

The relevant facts as taken from the notes of testimony from Appellant's trial and the procedural history are as follows. On November 18, 2011, Appellant and Terrance Battle were drinking at Woofer Magoos in the city of Lebanon, Pennsylvania. (*See* N.T. Trial, 2/08/13, at 7). At approximately 2:00 a.m., closing time, a fight ensued outside the bar. (*See id.* at 7-8). Jacquelyn Carrera, a bartender and manager of the bar, was

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.A. § 6105(a)(1).

standing outside, and testified that she heard gunshots. (*See id.* at 8). Carrera looked in the directions of the gunshots and saw Appellant holding a gun. (*See id.* at 8-9). Anthony Martinez, a bouncer at the bar, testified that he saw Appellant shoot the gun. (*See id.* at 30). Both Carrera and Martinez knew Appellant by the nickname Rah Rah and were familiar with him. (*See id.* at 7, 29, 65). Both witnesses immediately identified Appellant to the police who arrived at the scene. (*See id.* at 27, 43-44). Video surveillance from the bar showed Appellant was there immediately prior to the shooting. (*See id.* at 10-16). Terrance Battle, Appellant's companion that evening, testified that Appellant did not possess a gun. (*See id.* at 92-93). The parties stipulated that Appellant was not allowed to possess a firearm. (*See id.* at 6).

The jury convicted him of the aforementioned offense. Following a pre-sentence investigation (PSI), on April 10, 2013, the trial court sentenced him to a standard range sentence of not less than five nor more than ten year of incarceration. (*See* N.T. Sentencing, 4/10/13, at 2, 6-8). Appellant did not file a post-sentence motion.

On April 19, 2013, Appellant, acting *pro se*, filed a petition pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. The trial court appointed counsel. On May 9, 2013, Appellant's trial counsel filed a timely notice of direct appeal. Meanwhile, on May 10, 2013, the trial court ordered Appellant to file a concise statement of errors complained of on

appeal.  **See** Pa.R.A.P. 1925(b).  On May 17, 2013, the trial court permitted Appellant to withdraw his PCRA petition because of the pendency of the direct appeal.  On July 8, 2013, Appellant filed his Rule 1925(b) statement. That same day, the trial court issued an opinion.  **See** Pa.R.A.P. 1925(a). On November 8, 2013, this Court dismissed Appellant's appeal based upon counsel's failure to file a brief.

On June 2, 2014, Appellant, acting *pro se*, filed a PCRA petition seeking reinstatement of his direct appeal rights.  The trial court subsequently appointed counsel, and, on November 21, 2014, granted the PCRA petition.  Appellant filed a timely notice of appeal on November 25, 2014.  On November 26, 2014, the trial court ordered Appellant to file a new Rule 1925(b) statement.  On December 10, 2014, Appellant filed a timely Rule 1925(b) statement.  On January 15, 2015, the trial court issued an opinion, relying in part on his previous Rule 1925(a) opinion.

On appeal, Appellant raises the following questions for our review:

1. Whether there was insufficient evidence presented for [Appellant ] to be found guilty of possession of a firearm prohibited[?]

2. Whether the verdict was against the weight of the evidence presented at trial[?]

3. Whether [the] sentencing court erred when it applied the firearms enhancement to [Appellant's] sentence[?]

(Appellant's Brief, at 6).

J-S41044-15

In his first issue, Appellant challenges the sufficiency of the evidence. (**See** Appellant's Brief, at 11-14). Our standard of review for sufficiency of the evidence claims is well settled:

> We must determine whether the evidence admitted at trial, and all reasonable inferences drawn therefrom, **when viewed in a light most favorable to the Commonwealth as verdict winner**, support the conviction beyond a reasonable doubt. Where there is sufficient evidence to enable the trier of fact to find every element of the crime has been established beyond a reasonable doubt, the sufficiency of the evidence claim must fail.
>
> The evidence established at trial need not preclude every possibility of innocence and the fact-finder is free to believe all, part, or none of the evidence presented. It is not within the province of this Court to re-weigh the evidence and substitute our judgment for that of the fact-finder. The Commonwealth's burden may be met by wholly circumstantial evidence and any doubt about the defendant's guilt is to be resolved by the fact finder unless the evidence is so weak and inconclusive that, as a matter of law, no probability of fact can be drawn from the combined circumstances.

**Commonwealth v. Tarrach**, 42 A.3d 342, 345 (Pa. Super. 2012) (citations omitted) (emphasis added).

> In order to obtain a conviction under 18 Pa.C.S. § 6105, the Commonwealth must prove beyond a reasonable doubt that the defendant possessed a firearm and that he was convicted of an enumerated offense that prohibits him from possessing, using, controlling, or transferring a firearm. The term firearm is defined in that section as any weapon that is designed to or may readily be converted to expel any projectile by the action of an explosive or the frame or receiver of any such weapon. . . .

**Commonwealth v. Thomas**, 988 A.2d 669, 670 (Pa. Super. 2009), *appeal denied*, 4 A.3d 1054 (Pa. 2010) (citations and quotation marks omitted).

In the instant matter, the parties stipulated that Appellant could not possess a firearm. (*See* N.T. Trial, 2/08/13, at 6). However, incorrectly viewing the evidence in the light most favorable to him, he argues that the Commonwealth failed to prove he possessed a firearm because there was no forensic evidence linking him to the shooting. (*See* Appellant's Brief, at 12-13). We disagree.

Initially, we note that Appellant's argument is undeveloped. It consists of a single page of boilerplate, two pages of trial testimony regarding the lack of forensic evidence, and a single bald paragraph stating that the Commonwealth failed to meet its burden. (*See id.* at 11-14). Appellant fails to cite to any relevant legal authority in support of his proposition that forensic evidence is necessary to sustain a conviction for person not to possess firearms. (*See id.* at 14). Accordingly, Appellant has waived his sufficiency of the evidence claim. *See Commonwealth v. Liston*, 941 A.2d 1279, 1285 (Pa. Super. 2008) (*en banc*), *affirmed in part and vacated in part*, 977 A.2d 1089 (Pa. 2009).

Moreover, the claim is without merit. Video surveillance showed Appellant was at the bar at the time of the shooting. (*See* N.T. Trial, 2/08/13, at 10-16). Both Carrera and Martinez, who were familiar with Appellant, testified that they saw him holding a gun; Martinez testified that he witnessed him shooting the gun. (*See id.* at 7, 29, 8-9, 30). Both witnesses immediately identified Appellant to the police who arrived at the

scene. (***See id.*** at 27, 43-44). This testimony is easily sufficient to sustain a conviction for person not to possess firearms. ***See Commonwealth v. Antidormi***, 84 A.3d 736, 757 (Pa. Super. 2014), *appeal denied*, 95 A.3d 275 (Pa. 2014) (testimony of single eyewitness sufficient to sustain conviction for person not to possess firearms). Had Appellant not waived his sufficiency of the evidence claim, we would find it to be meritless.

In his second issue, Appellant argues that his conviction is against the weight of the evidence. (***See*** Appellant's Brief, at 14-46). However, Appellant has not preserved this claim for our review.

We have long held that this Court cannot consider, in the first instance, a claim that the verdict is against the weight of the evidence. ***See Commonwealth v. Wilson***, 825 A.2d 710, 714 (Pa. Super. 2003). Here, Appellant failed to make an oral motion on the record prior to sentencing[2] and did not file a post-sentence motion. ***See*** Pa.R.Crim.P. 607. Thus, the issue is not preserved for our review. ***See Commonwealth v. Burkett***, 830 A.2d 1034, 1036 (Pa. Super. 2003).

Even if we were to address the merits of Appellant's weight of the evidence claim, it would fail. Appellant essentially asks us to reassess the

---

[2] While Appellant did iterate what he believed to be the weaknesses in the Commonwealth's evidence at sentencing, he did not make an oral motion for a new trial based upon weight of the evidence. (***See*** N.T. Sentencing, 4/10/13, at 3-4). Instead, Appellant argued that the weakness of the evidence should support a mitigated sentence. (***See id.***).

credibility of the witnesses and reweigh the testimony at trial. However, it is well settled that we cannot substitute our judgment for that of the trier of fact. *See Commonwealth v. Bowen*, 55 A.3d 1254, 1262 (Pa. Super. 2012), *appeal denied*, 64 A.3d 630 (Pa. 2013). Further, the finder of fact was free to believe all, none, or part of the victim's testimony and to disbelieve the theories proffered by Appellant. *See Commonwealth v. Griscavage*, 517 A.2d 1256, 1257 (Pa. 1986). Thus, even if preserved, Appellant's weight of the evidence claim lacks merit.

In his third issue, Appellant argues that the trial court erred when it applied a firearms enhancement to his sentence. (*See* Appellant's Brief, at 46-49). It is not entirely clear from Appellant's brief whether he is challenging the discretionary aspects of the sentence, the legality of the sentence, or both. (*See* Appellant's Brief, at 4, 10, 46-49).

Preliminarily, "[i]ssues challenging the discretionary aspects of sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived." *Commonwealth v. McAfee*, 849 A.2d 270, 275 (Pa. Super. 2004), *appeal denied*, 860 A.2d 122 (Pa. 2004) (citation and quotation marks omitted). Here, Appellant neither raised any objections to the sentence at sentencing nor filed a post-sentence motion challenging the discretionary aspects of

sentence. Thus, he waived any challenge to the discretionary aspects of sentence.

Appellant also claims that the trial court improperly applied the firearms enhancement to his sentence in violation of this Court's decision in ***Commonwealth v. Valentine***, 101 A.3d 801 (Pa. Super. 2014). (***See*** Appellant's Brief, at 48-49). This is a challenge to the legality, not the discretionary aspects of sentence. ***See Valentine***, ***supra*** at 807-08. Although Appellant did not file a post-sentence motion, a challenge to the legality of sentence cannot be waived. ***See Commonwealth v. Dickson***, 918 A.2d 95, 99 (Pa. 2007).

Appellant is correct in stating that, in ***Valentine***, this Court found the gun enhancement contained in 42 Pa.C.S.A. § 9712 to be unconstitutional. ***See Valentine***, ***supra*** at 811-12; (***see also*** Appellant's Brief, at 48-49). However, Appellant's claim suffers from a fatal flaw; there is no evidence that the trial court sentenced Appellant under 42 Pa.C.S.A. § 9712. This Court has thoroughly reviewed the sentencing transcript; with respect to sentence, **defense counsel**, specifically stated that the statutory maximum for a violation of 18 Pa.C.S.A. § 6105(a)(1) is ten years and that the standard range sentence calls for a sentence of at least sixty months. (***See*** N.T. Sentencing, 4/10/13, at 2). Defense counsel then stated that he explained to his client that, because of his prior record score and the guidelines, his sentence would most likely be no less than five years nor

- 8 -

more than ten years of incarceration. (**See id.** at 2-3). This is precisely the sentence the trial court then imposed. (**See** Sentencing Order, 4/12/13, at 1). Moreover, as both the trial court and the Commonwealth correctly state, possession of a firearm is an essential element of persons not to possess firearms. **See Antidormi**, **supra** at 759-60. Thus, the gun enhancements were not applicable. **See** 204 Pa. Code § 303.10(a)(3)(ix); 42 Pa.C.S.A. § 9712(a); (**see also** Trial Court Opinion, 1/15/15, at 3; Commonwealth's Brief, at 11). Appellant's claim is therefore without merit.

For the reasons discussed above, we find that Appellant's claims are either waived or meritless. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>7/24/2015</u>